WALDEN, Judge
(concurring in part, dissenting in part):
Plaintiff’s complaint was dismissed for failure to state a cause of action. He ap-' peals. I agree that this decision was correct as concerns the defendant-Escrow Agent, Howard R. Scharlin. I dissent as concerns the dismissal against the defendants-sellers.
Broadly, plaintiff was a real estate broker who produced a purchaser for the sellers’ property. He was to receive a commission of ninety odd thousand dollars, with a portion to be paid in cash at closing and the balance to be paid from future purchase money mortgage installments. Thirty thousand dollars was deposited by the purchaser, with the sales agreement, signed by the sellers and the purchasers only and not the broker, providing that upon the purchasers’ default the deposit would be forfeited as liquidated damages. The purchasers defaulted and the sellers claimed and secured the thirty thousand dollars in escrow. With this backdrop, the broker has sued the sellers for a commission or compensation. It was the position of the sellers, a position apparently adopted by the trial court, that the broker was not entitled to compensation unless there was a closing and the ensuing mortgage payments made —in other words, that the broker was limited to a special fund.
Without over-laboring the matter, the broker’s labors produced the ostensible purchaser and the thirty thousand dollar deposit and I feel that he is entitled to participate in it along with the sellers as a matter of real estate customs and according to the principles of unjust enrichment. The provision for payment of the commission in the fashion above mentioned presupposed that the sale, would be consummated and a dosing accomplished, it had no bearing whatever as concerns the circumstance of the purchasers’ default. Thus, all of the contracts and writings were silent as to the broker’s entitlement to the deposit or a part of it in case there was a default and no closing. In my judgment, I think the complaint was altogether adequate to withstand the motion to dismiss and I feel that the broker should have the opportunity to show the intentions of the parties and the customs in the field of real estate by parole.
For these reasons I would reverse the order dismissing the plaintiff’s complaint as to the sellers and remand for further proceedings.